IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WESTERN SURETY COMPANY — PLAINTIFF

V. — CIVIL ACTION NO. 1:24-cv-76-DMB-DAS

COOK COGGIN ENGINEERS, INC.
and KYLE STRONG, P.E. — DEFENDANTS

KYLE STRONG, P.E. — THIRD-PARTY PLAINTIFF

V.

CHICKASAW COUNTY, MISSISSIPPI — THIRD-PARTY DEFENDANT

ORDER DENYING MOTION TO QUASH OR FOR PROTECTIVE ORDER

Before the court is the plaintiff Western Surety Company's ("Western Surety") Motion to Quash Notice of Western Surety Company's 30(b)(6) Deposition or for Protective Order. Doc. 165. The defendants Cook Coggin Engineers, Inc., Kyle Strong, P.E., and M. Carrson Neal, P.E. ("the Engineers") noticed Western Surety's 30(b)(6) deposition for September 17, 2026, in Jackson, Mississippi, at Plaintiff's counsel's office. Doc. 163. Western Surety seeks a protective order under Federal Rule of Civil Procedure 26(c)(1)(C) allowing the 30(b)(6) deposition to proceed by video, arguing requiring its corporate representative, a Maine resident, to appear in person "would impose undue hardship."

Under Federal Rule of Civil Procedure 26(c)(1)(B), upon a showing of good cause, a court may issue an order to protect a person from undue burden or expense related to terms such as the time and place for discovery. Rule 30 permits the court to order a remote deposition. Fed. R. Civ. P. 30(b)(4). Under Rule 30(b)(4), "parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote electronic means." "A party who prefers to take a remote deposition but whose request is opposed by another party may seek a protective order under

Rule 26(c) as necessary to protect the party from . . . undue burden or expense." *G.K. v. D.M.*, 2024 WL 1801907, at *3 (E.D. La. Apr. 25, 2024) (citing Fed. R. Civ. P. 26(c)(1)(A), (C)).

The party seeking a protective order must show a legitimate reason for its request by "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)). "[C]ourts consider the hardship an individual deponent might experience, particularly his (1) age, (2) physical condition, (3) finances, and (4) other factors that might result in extreme hardship." *Tijerina-Salazar v. Venegas*, 2021 WL 6011137, at *2 n.1 (W.D. Tex. Dec. 20, 2021) (citation omitted). After the moving party establishes a legitimate reason, the opposing party must show why the deposition should not be conducted remotely. *Abad v. Maxum Petroleum Operating Co.*, 2016 WL 11261306, at *4 (W.D. Tex. Sept. 26, 2016).

Western Surety has not established a legitimate reason for conducting its 30(b)(6) designee's deposition by video. Western Surety focuses on its corporate representative's residence in Maine, which is over 1,000 miles from Jackson, Mississippi, and its only argument in support of a protective order is its blanket assertion that the substantial travel expense associated with appearing for a deposition in Mississippi would impose an undue burden on its representative. Western Surety does not argue that the required travel is financially unfeasible, only that the expense is "significant."

Courts within this district have held that travel costs typically are not considered an undue burden or expense. *See Crosson v. TMF Health Quality Inst.*, 2024 WL 7021213, at *1 (W.D. Tex. Sept. 4, 2024) (citing *Greco v. Nat'l Football League*, 2017 WL 11679599, at *1 (N.D. Tex. Mar. 30, 2017)); *United States v. All Funds on Deposit at Old Mut. of Bermuda Ltd. Cont. No. CX4011696 in Bermuda*, 2014 WL 1912091, at *2 (S.D. Tex. May 13, 2014). Moreover, there is nothing before the court suggesting that Western Surety's corporate representative would be personally responsible for

the travel expenses associated with appearing for an in-person deposition. Western Surety has made no "particular and specific demonstration of facts" which comes close to warranting a protective order allowing the 30(b)(6) deposition to proceed remotely.

The defendants respond that Western Surety "availed itself of this forum by doing business here by issuing performance bonds to contractors doing business in Mississippi, and ultimately by filing suit against the Engineers in this forum." They maintain the inconvenience of travel and accompanying expenses are insufficient bases for not appearing in-person for its deposition, and this court agrees. "[T]he general rule is that a plaintiff may be deposed in the state where he or she chose to file the lawsuit." *W. Pac. Mut. Ins. Co. v. Kirkland Dev., Inc.*, 2008 WL 11344738, at *2 (S.D. Miss. Oct. 16, 2008). Having been offered no compelling reason to deviate from the general rule, Western Surety's motion is denied.

**SO ORDERED**, this the 1st day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE